NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT MERRITT,

        Plaintiff,            Civil No. 08-0238 (JLL)

v.

                               O P I N I O N

MS. BEBE RAFAEL, et al.,

        Defendants.

APPEARANCES:

Robert Merritt, Pro Se
Volunteers of America
Agape House Family Shelter
122 East Main Street
Somerville, NJ 08876

**LINARES, District Judge**

    Plaintiff, Robert Merritt, incarcerated at the Northern State Prison, Newark, New Jersey, at the time he submitted this complaint, seeks to bring this action in forma pauperis ("IFP") without prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court will grant his application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.[1]

---

[1] This case was previously administratively terminated for failure to pay the filing fee or submit a completed IFP application. On March 14, 2008, Plaintiff submitted his completed IFP application and on April 10, 2008, this Court reopened the case.

At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, Plaintiff's claims will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. He states that he has been racially discriminated against by defendant Bebe Rafael, the assistant supervisor at a McDonald's restaurant in Phillipsburg, New Jersey, and by "Iffie," the head manager at the restaurant. Plaintiff also names as a defendant "McDonald's."

Specifically, Plaintiff states that prior to working at the McDonald's in Phillipsburg, he and his cousin had gone there as patrons. They ordered a meal and there was no trouble. As they were leaving, a Phillipsburg police officer approached them and asked for identification. Plaintiff showed the officer his identification and asked what the problem was. The officer told him that someone had called them and said that Plaintiff was

2

loitering. Plaintiff states that it was defendant Rafael who called the police, as evidenced by the police report. Plaintiff told the officer that he had submitted an application to work at the restaurant. The officer told him to go home and wait for a call before coming back.

About a week later Plaintiff was hired to work at the restaurant by Iffie, the head manager. He states that Iffie was a "fair and just man." Whenever Plaintiff would work on defendant Rafael's shift though, she would always end up sending him home, cutting his hours. For example, one day he started his shift and saw that the "McNugget" basket was low, so he filled two baskets and started them cooking. Defendant Rafael said that it was too many nuggets and he should go home. When he told her this was how he was trained, and after asking her not to cut his hours, she told him to leave or she would call the police.

Defendant Rafael called the police twice concerning Plaintiff for no reason. Plaintiff states he was the only black employee, and racial relations in the town were not good, so he had to work extra hard, and was a good worker. Without receiving a warning, Plaintiff was fired.

Plaintiff states that he was profiled because of his race, and that he was unjustly treated and discriminated against. He states that his civil rights were violated, and he is suffering to this day from the incident.

Plaintiff asks this Court to order that he be paid from the time of his firing to the date of his incarceration, and that he be paid for pain and suffering.

## DISCUSSION

### A. Section 1915 Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, ---U.S. ----, ----, 127 S.

4

Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided a detailed and highly instructive guidance as to what kind of allegations qualify as pleadings sufficient to puss muster under the Rule 8 standard. See <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008). In summary, the Court of Appeals explained:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

<u>Phillips</u>, 515 F.3d at 234 (internal citations omitted).

B. **42 U.S.C. § 1983**

A plaintiff may have a federal cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.  **Plaintiff's Claims Will Be Dismissed.**

Plaintiff seeks to sue defendants Rafael and Iffie, private citizens, under section 1983.

"Although a private [party] may cause a deprivation of . . . a right, [it] may be subjected to liability under § 1983 only when [it] does so under color of law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.), cert. denied, 516 U.S. 858 (1995) (quoting Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978)).  The "under color of state law" requirement of 42 U.S.C. § 1983 has been treated identically to the "state action" requirement of the Fourteenth Amendment. See Mark, 51 F.3d at 1141 (citing United States v. Price, 383 U.S. 787, 794 n.7 (1966); Lugar v. Edmondson Oil Co., 457 U.S. 922, 928 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)).  State action exists under § 1983 only when it can be said that the government is responsible for the specific conduct of which a plaintiff

6

complains. See Mark, 51 F.3d at 1141-42. "Put differently, deciding whether there has been state action requires an inquiry into whether 'there is a sufficiently close nexus between the State and the challenged action of [the defendants] so that the action of the latter may fairly be treated as that of the State itself.'" Id. at 1142 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)).

Applying these principles to the instant case, Plaintiff does not allege any facts indicating that either of the individual defendants are state actors or otherwise acted under color of state law.[2] See DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989) (Fourteenth Amendment's "purpose was to protect the people from the State, not to ensure

---

[2] Liberally construing the instant complaint, Plaintiff seeks to assert a claim under 42 U.S.C. 2000e, et seq., the civil rights statute governing employment discrimination. However, in order to bring a claim under that statute, a person must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in a timely manner. See 42 U.S.C. § 2000e-5(e)(1); Nat'l Railroad Passenger Corp. V. Morgan, 536 U.S. 101, 104-05 (2002)("Under Title VII . . . a plaintiff 'shall' file an employment discrimination charge with the [EEOC] either 180 or 300 days after an 'alleged unlawful employment practice occurred.'"); Marangos v. Flarion Technologies, Inc., 2007 WL 1302991 at *5 (D.N.J. May 1, 2007)(unpubl.). Plaintiff has not alleged facts indicating that he has so filed. Further, Plaintiff may be asserting a claim under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq., however, this Court declines to exercise supplemental jurisdiction, as Plaintiff has not asserted any viable claims over which this Court has jurisdiction. See 28 U.S.C. § 1367(c)(3). However, Plaintiff may raise his state law claim in state court should he desire to do so. This Court makes no findings as to whether any state law claim would succeed.

7

that the State protected them from each other"); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) ("Individuals . . . have no right to be free from infliction of [constitutional] harm by private actors"). Furthermore, Plaintiff does not assert any facts or specific claims regarding defendant McDonald's, nor does he allege that McDonald's is a state actor for purposes of a § 1983 suit.

Therefore, Plaintiff's complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order accompanies this Opinion.

```
_____
JOSE L. LINARES
United States District Judge
```

Dated: May 5, 2008